IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM R. SOSSAMON                                                                                   PLAINTIFF

V.                                           CIVIL NO. 4:12-cv-04080

ZANE BUTLER;
ALWIN SMITH; and
PHILLUP CAUDLE                                                                                       DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff William Sossamon filed this case *pro se* pursuant to 42 U.S.C. § 1983 on July 12, 2012.  ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

I.     BACKGROUND

At the time he filed his Complaint, Plaintiff was an inmate of the Arkansas Department of Corrections East Arkansas Regional Unit in Brickeys, Arkansas.  Plaintiff's address of record indicates he is currently incarcerated in the St. Croix County Jail in Hudson, Wisconsin.

In Plaintiff's Complaint, he names Ashdown Police Detective Zane Butler, Littler River County Assistant District Attorney Alwin Smith, and Foreman Scrap Yard owner Phillup Caudle

as Defendants. ECF No. 1, pp. 1-2. Plaintiff alleges his truck was stolen and sold to the Foreman Scrap Yard where it was destroyed. ECF No. 1, p. 4. Plaintiff further alleges Caudle knew Plaintiff's truck was stolen but bought it and scraped it anyway. ECF No. 1, p. 4. Additionally, Plaintiff alleges Detective Butler was the officer investigating Plaintiff's stolen truck. Detective Butler knew of Caudle's actions but failed to "do anything about it." ECF No. 1, p. 4. Plaintiff also alleges Assistant District Attorney Smith was informed of Caudle's actions but refused "to do anything" to Caudle. ECF No. 1, p. 4.

As relief, Plaintiff request compensatory damages and that Detective Butler and Caudle be arrested.

## II. APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III. DISCUSSION

### A. Phillip Caudle

Section 1983 authorizes a private right of action against persons who, acting under color of state law, deprive the plaintiff of "any rights, privileges, or immunities secured by the

2

Constitution . . .." *Moore v. City of Desloge*, 647 F.3d 841, 846 (8th Cir. 2011). To state a valid claim under section 1983, the Plaintiff must show the actor was acting under color of state law when he allegedly violated the Plaintiff's constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988). More simply, only a state actor can be held liable under section 1983. *See Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). Plaintiff has not made any allegations indicating Caudle is a state actor. Instead, Plaintiff claims he is the owner of a private business. Accordingly, Plaintiff failed to state a cognizable claim against Caudle under section 1983.

      B.    <u>Detective Butler</u>

Plaintiff does not have a constitutional right to any investigation of a reported crime, much less an adequate investigation. *See Vinyard v. Wilson,* 311 F.3d 1340, 1356 (11th Cir. 2002) (no due process right to have an excessive force claim against a sheriff's department investigated); *see also Sheets v. Mullins*, 287 F.3d 581 (6th Cir. 2002) (a sheriff deputy's failure to further investigate a domestic violence complaint alleging the plaintiff's boyfriend threatened to kill her and their child did not violate the plaintiff's due process rights, even though, her boyfriend later killed their daughter). The Fourteenth Amendment Due Process Clause does not impose a duty upon the state to protect individuals from private illegal acts, but instead, "places limitations on affirmative state action that denies life, liberty, or property without due process of law." *Kalstrom v. City of Columbus,* 136 F.3d 1055, 1065-6 (6th Cir. 1998) (citing *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195 (1989)).

Further, "[F]ederal courts are not entrusted with the responsibility of ensuring the effective enforcement of state criminal laws; that role falls to state and local law enforcement authorities." *Jennings v. City of Stillwater*, 383 F.3d 1199, 1205 (10th Cir. 2004) (*citing* U.S. Const., art. II, § 3;

3

*Morrison v. Olson*, 487 U.S. 654, 690 (1988)). *See also Hale v. Vance*, 267 F. Supp. 2d 725, 731 (S.D. Ohio 2003) (holding that neither the constitution nor any federal law imposes a duty on a police detective to investigate criminal activity). Plaintiff's only claim against Detective Butler is that he failed to act on information he gained during his police investigation. As Plaintiff does not have a constitutional right to an adequate police investigation, this claim is insufficient to state a cognizable claim under section 1983 against Detective Butler.

C. Assistant District Attorney Smith

Plaintiff's only claim against Smith is that he failed to prosecute Caudle for destroying Plaintiff's stolen truck. Smith is entitled to absolute immunity from damages as a prosecutor for his decision not to prosecute. *See Steele v. City of Bemidji*, 257 F.3d 902, 906 (8th Cir. 2001) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Mullen v. U.S.*, Civil No. 91-0339, 1991 WL 219414, at *3 (W.D. Mis. Sept. 16, 1991). "The decisions relating to the initiation and dismissal of cases are at the very heart of a prosecutor's function as an advocate for the state, and absolute immunity thus attaches to those decisions." *Anderson v. Larson,* 327 F.3d 762, 769 (8th Cir. 2003) (quoting *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1268 (8th Cir. 1996)).

F. Official capacity claim

Plaintiff states in his Addendum that he is suing Defendants in both their official and individual capacities. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type

> of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). Plaintiff's failed to allege any policy or custom of Little River County that caused his constitutional rights to be violated. "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997). There are no allegations in Plaintiff's Complaint to support an official capacity claim against Defendants. Further, a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). In other words, Little River County cannot be held liable based merely on the fact it employs Defendants. Therefore, Plaintiff has failed to state an official capacity claim against all of the Defendants.

### III. CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Complaint (ECF No. 1) be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). Therefore, I recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in**

which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

  **DATED** this **20th day of June 2013.**

              /s/ Barry A. Bryant
              HON. BARRY A. BRYANT
              UNITED STATES MAGISTRATE JUDGE